UNITED STATES DISTRICT COURT                                           C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,                  :
                                           :
                                           :
            -against-                      :   **MEMORANDUM**
                                           :   **DECISION AND ORDER**
                                           :
RYAN QUASHIE,                              :   14-cr-0376 (BMC)
                                           :
                       Defendant.          :
-------------------------------------------------------- X

**COGAN**, District Judge.

Defendant *pro se* seeks two forms of relief under the First Step Act of 2018, 18 U.S.C. §

3632. He primarily requests that he receive time credit for completing recidivism courses, so he

may serve the remainder of his sentence in either home confinement or a residential reentry

center. In the alternative, he requests that the Court order the Bureau of Prisons ("BOP") to

relocate defendant to a facility closer to his primary residence. For the following reasons, the

Court denies his motion to reduce his sentence without prejudice and denies his to compel the

BOP to transfer him to another facility with prejudice.

## BACKGROUND

Defendant was convicted for Hobbs Act robbery and Hobbs Act conspiracy in violation

of 18 U.S.C. § 1951. The Second Circuit affirmed his conviction, United States v. Ercoli, 731 F.

App'x 38 (2d Cir. 2018). In November of 2019, the BOP transferred defendant from the Fort

Dix Correctional Institute in New Jersey to the Northlake Correctional Institute in Michigan.

Because defendant was relocated to a correctional facility away from his family, he seeks relief

from the Court so he may be closer to his family.

## DISCUSSION

### I. Sentence Reduction

"The First Step Act of 2018 requires that the Attorney General develop a risk and needs assessment system that provides time credits for prisoners who successfully complete evidence-based recidivism reduction programming or productive activities, which credits shall be applied toward time in pre-release custody or supervised release." United States v. Nwankwo, No. 12-cr-0031, 2019 WL 474823, at *1 (S.D.N.Y. Sept. 17, 2019) (citing 18 U.S.C. § 3632(d)(4)). "However, any relief granted by this provision of the [First Step] Act is within the sole jurisdiction of the [BOP]." Wright v. United States, 2019 WL 2341663, at *3 (E.D. Tenn. June 3, 2019); see also United States v. Wilson, 503 U.S. 329, 333 (1992).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Director of the BOP may move for a sentence reduction. Alternatively, a defendant may move for a sentence reduction after the defendant has fully exhausted all his administrative remedies to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In this case, defendant has failed to allege, let alone establish, that he has exhausted the administrative remedies available to him under 28 U.S.C. § 542.10-19. Namely, his letter makes no mention whether he has requested any relief from the warden of his facility or that he has appealed the warden's decision to the Director of the BOP.

Accordingly, defendant must first apply to the BOP regarding his eligibility for time credits under the risk and needs assessment system that the BOP has a duty to implement. If defendant disagrees with the BOP's determination regarding his entitlement to time credit, he must then exhaust his administrative remedies within the BOP before moving the Court for a

reduction of his sentence.  See, e.g., Nwankwo, 2019 WL 4743823 at *2; United States v. Palacios, 2019 WL 3858584, at *3 (M.D. Fla. Aug. 16, 2019); Thrope v. Edge, 2019 WL 3315463, at *2 (S.D. Ga. July 8, 2019); see also 28 C.F.R. §§ 542.10-19 (laying out the BOP administrative remedy process).  Defendant's motion for a sentence reduction is denied without prejudice for failure to exhaust his administrative remedies.

## II.     Facility Designation

Defendant, in the alternative, requests that the Court compel the Bureau of Prisons to transfer him to a facility within 500 miles of his primary residence, so that his family may visit him in prison.  Although a provision in the First Step Act requires the BOP to "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence," this requirement is tempered by a myriad of other considerations, including bed availability and the prisoner's security designation.  18 U.S.C. § 3621(b).  More importantly, "a designation of a place of imprisonment under this subsection is not reviewable by any court."  United States v. Tovar-Zamorano, 2019 WL 2005918, at *2 (D. Kan. May 7, 2019) (citing 18 U.S.C. § 3621(b)).  Because the Court lacks the authority to compel the BOP to transfer defendant to a facility closer to his primary residence, this motion is denied.

## CONCLUSION

Defendant's motion for a sentence reduction [235] is denied without prejudice to renewal

after exhaustion of administrative remedies.  Defendant's motion to compel the BOP to transfer

him to a facility closer to his primary residence is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
         December 25, 2019